Thank you, Your Honor. May it please the Court? I'm Mary Lou Serafine. I represent Christine Reule and five other plaintiff appellants. We do not say that there could never be a vexatious litigant statute, but this particular one is vastly unconstitutional in the way that it designates so-called vexatious litigants. My client's primary concern, however, is not merely being designated, but being blocked from the courts for the rest of their lives, in effect. This is the purpose of the statute. The purpose of the statute is to block people from the courts who have presumably been determined to file vexatious lawsuits. However, we would point out that the statute does not require the judges to determine that a vexatious or frivolous lawsuit was filed by the plaintiffs in question. So that is one of the things that we say is unconstitutional about the statute. Nevertheless, it's being blocked from the courts that we would focus the court's attention on, because that is what gives the plaintiff standing, which is what the district court was primarily concerned with. And the way that we believe the court should think about it is that the very purpose of this statute was to block people from the courts, and so the legislature created a system that would do that. And the system that the legislature created, which is very carefully laid out in the statute, is that Defendant Lavoie, in her office, assembles a list of people who are supposed to be blocked from the courts, and she updates it, and she maintains the list, circulates the list, publishes the list on the website, and makes it certain that all of the clerks, clerks of court in the state of Texas, receive that list and refer to it in order to reject potential filings by anybody who is on the list. And so next, the next step in the system is that the court clerks reject any filings by people whose names are on the list. In one case, one of the plaintiffs in this case had a filing rejected only for a name change. It wasn't even for a piece of litigation. The third step, and I think the step that was an issue for the district court, is that there is a permission judge. The local administrative judges in each county are entitled to give permission for some people on the vexatiousness list to file a lawsuit. And the permission judge, arguably, although he uses his discretion in deciding whether a case is a potential, assuming that he has the information about a potential case, whether the plaintiff should or should not go ahead with it, what we object to is not that the permission judge uses his discretion or how he decides. There's no allegation in the complaint anywhere about one of the permission judges rejecting a case that should have gone through or accepting a case that should have been rejected. We don't make any claims about objecting to the discretion of those judges. We object to their being there at all, so to speak. They are part of the system that the legislature designed in order to carry out what in Texas and other states also was a brand new system, a new way of supposedly ensuring that the courts would not be subjected to abusive lawsuits. The point then is that these three people, these three defendants, who carry out these three steps are the right parties to sue. They are the right defendants to sue. And that seems to be the issue for the district judge anyway as to why the plaintiffs lack standing. But the plaintiffs do have standing because traceability and redressability, the last two steps of standing, are directly placed on these three people. These three defendants are the very system that the legislature designed for this statute. And you're suing them for money damages? Excuse me, Your Honor? You're suing them for money damages? No, sir. No, Your Honor. In this case, we are asking for no retrospective relief at all. None of the defendants are being sued for money damages. None of the defendants are being sued, or I should say none of the plaintiffs are suing to reverse their judgments or undo their judgments. We do want the statute declared unconstitutional, but all of the relief requested is prospective. We want a declaration that the statute is unconstitutional, and we want injunctions to prevent the three officials in question who are carrying out the system to be enjoined from performing those functions. I would like to say that our complaint here is similar to the Ninth Circuit's case in Strankman. And if this court were to decide that the plaintiffs don't have standing to bring this case, it would be directly in conflict with the Ninth Circuit's Strankman case, where also the Ninth Circuit decided that especially their version of the Office of Court Administration, the officials in charge of that office happens to be the Chief Justice of California in that case, and also an employee of that office who was also sued. They are comparable to the first step in the Texas system, which is that Defendant LaVoy assembles a list, circulates the list, makes sure that the clerks reject filings from those people. And in that particular case, the plaintiff was said to have standing, even though at that time, he had been removed. That was Plaintiff Wolf. He had been removed from the vexatious litigant list in California. In contrast to California, Texas has no way, no mechanism at all for people getting off the list. If they change their behavior or deserve not to be on the list, there isn't any system in Texas by which they can get off, which is one of the chief things that we think is unconstitutional, this way overbroad, lifelong hurdle to get over if one wants to file a lawsuit. You're not claiming then that all vexatious litigant statutes would be unconstitutional? No, Your Honor. It's possible to imagine a vexatious litigant statute that is constitutional. And I would say one element that we are not challenging, for example, is that the federal courts in their judge-made law have provisions for vexatious litigants, and they even use the same word, vexatious litigants. And that system is very, very different from the statute. For instance, the judge in the federal system must actually see that the plaintiff has written a frivolous paper or filed a vexatious suit or something of the sort. Astonishingly, in the Texas statute, which we, again, we think is unconstitutional, the judge does not need to even find that any frivolous, the judge himself does not see with his own eyes that the plaintiff has written a frivolous or a vexatious paper. So if there were some changes in the Texas statute, it's possible that the legislature could revise it and fix it, which I wager the legislature would probably do if it were unconstitutional. And about half of the other states have very, very similar statutes, and I think that they should be revised as well. But it's possible, it certainly would be possible to draft a constitutional way of identifying a person who's likely to file a vexatious suit, let's say, against certain defendants, keep suing, if a person continues to sue the same defendants over and over again, it's possible to figure out a way to designate them to ask for permission before they file. Again, that is not the case here, where no matter what the vexatious litigant wants to file, the clerks will reject it under this system that the legislature designed. Having covered the Strankman case, I would like to go to the issue of sovereign immunity because the district judge did mention that as a possibility and it's jurisdictional to this particular case. The element that we need here, or the three elements that we need here, is that number one, the defendants not have merely a general duty. Here, the three defendants, whom I've already said were the correct defendants to sue, do not have just a general duty, it's very specific. They do have some connection to enforcement. They need to have only a scintilla of connection or there needs to be only a scintilla of evidence of their connection to enforcement. They are certainly connected to enforcement. They are the entire system of enforcement that goes on here. I might step back from this and say that the trial judge who designates the person vexatious is not a proper defendant, not only because those judges use their discretion. They cannot be sued for decisions taken in their own discretion, of course, but those judges, when it comes time to enforce the statute and stop the so-called vexatious litigants from filing things, those judges have long, long ago lost jurisdiction over the cases, over the case in question. Over the years, since this lasts lifelong for these plaintiffs, as happened in this case, those judges retire and are no longer, are not elected, let's say, and so they're not available. The third thing that we need to establish, the Ex parte Young Exemption to Sovereign Immunity, is that the official must be compelled to carry out the duties that they are carrying out, the ones that we have sued must be compelled. That is very clearly the case here. The statute itself, near the end of the statute, identifies what are the duties that Ms. Lavoie, Defendant Lavoie, must do, what are the duties that the clerks must do, and what are the duties that the permission judge must take care of. By the way, the permission judge may give permission. This is another unconstitutional element of the statute. The permission judge may give permission only if the proposed litigation from the designated person, quote, has merit. In other words, the standard is much higher than it would be in the ordinary case. In the ordinary case, a piece of litigation does not need to have merit. It merely needs to be, let's say, well, non-frivolous or non-vexatious, and even so, it can still be filed, be filed. I am out of time now, and if there are no other questions, I'll just reserve five minutes. You've saved time for rebuttal. Thank you. Thank you. Mr. Wilson? May it please the Court. Cole Wilson for Judge Reeve Jackson and Megan Lavoie. Plaintiffs say in their reply brief that the correct context to consider their allegations for purposes of standing is not a literal one, and so they suggest in the opening pages of their brief that this Court should reconsider the boundaries of Article III. While we take those points for the concessions that they are, I'd like to make three points for why this Court should affirm the decision below. One, plaintiffs have no case or controversy against Judge Jackson, because the only actions that he performs as local administrative judge under Chapter 11 are purely judicial, and there can be no case or controversy against a judge for judicial conduct. Two, plaintiffs' allegations cannot meet any prong of the Supreme Court's traditional three-part standing test, although it's easiest to affirm the decision below on traceability and redressability. Three, plaintiffs cannot overcome sovereign immunity because Judge Jackson's role as a judge, again, is judicial. An ex parte young does not permit suit against a judge for judicial conduct, whereas Ms. Lavoie's conduct in publishing and maintaining a list of vexatious litigants lacks an enforcement connection. It does not compel or constrain anyone, and plaintiffs do not even seek to be removed from that list. They do not say that it comprises a cognizable constitutional harm. Turning first to the distinction that plaintiffs make in their allegations as to facial and as applied, this is relevant to considering redressability. Plaintiffs' redressability arguments is that a global declaration that the law is invalid would redress their harm, because then the statute would no longer apply to them. But to seek facial invalidity, plaintiffs must establish that the applications of the unconstitutional substantially outweigh the law's constitutional applications. But plaintiffs concede that many of the statute's applications are, in fact, constitutional, and they challenge only pre-file review. That's the end of the facial invalidity inquiry. As to plaintiffs' distinction between judicial and administrative conduct, plaintiffs allege in their complaint that they have sued Judge Jackson in his ministerial or administrative capability, and thus that this court, the district court, and we must have accepted those allegations as true. While in a facial attack to jurisdiction, the court must accept out factual allegations that are well pled as true, the court has no obligation to accept legal conclusions couched as factual allegations. Turning to Wolff v. Strankman, which plaintiffs have insisted helps them, the Ninth Circuit believes, and needs to distinguish that case. The Ninth Circuit found that a suit could go forward against Chief Justice George, who was in his administrative role as chair of the Judicial Council of California, and he had an analogous role, as Ms. Lavoie does here, and Ms. Silva, who is an analyst for the Judicial Council. But the Ninth Circuit did not taxonomize all of the different functions that judges perform under California's vexatious litigant statute, and it did not explain any rationale for Chief Justice George's conduct under that statute being administrative. Nor does that case provide any sound reason why this court should extend its sovereign immunity arguments to this context, because the Ninth Circuit did not analyze whether there was an enforcement connection for Chief Justice George's actions, something that this court's precedent requires. Plaintiffs say that they have been blocked forever and that Chapter 11 requires judges, when they exercise their discretion to enter a pre-filing order, to block litigants forever. That is not true. Chapter 11 gives district judges discretion to enter pre-filing orders for a limited period of time, as against only certain defendants. And there are numerous such vexatious litigant orders that the court can see for itself that Ms. Lavoie maintains. So not all instances, even as plaintiffs claim, would be unconstitutional, as they say. Counsel, did I misunderstand? Your opponent said that there was not, as I understood, there was not a way to get off of this list. My understanding was that there was a mechanism in place where someone could petition to make a showing to not be subject to the statute after having been put on the list. Is that correct or not? Well, it depends on exactly how we take that inquiry, Your Honor. There is a built-in mechanism for an appeal of pre-filing orders, and there is no need for local administrative judge approval of that appeal. And on appeal, vexatious litigants can challenge the basis for their having been declared vexatious. As to the injury, plaintiffs claim that Judge Jackson, Ms. Lavoie, as well as Clerk Clarkston have not actually engaged in any unconstitutional conduct. They have not rejected any petitions. There have not been any filings that have not been docketed. And plaintiffs concede that not all applications of pre-filing review under Section 102 lead to constitutional deprivations. And they must do so because the Supreme Court in Bill Johnson's restaurants held that there is no right for a litigant to file vexatious litigation. So only those applications of pre-file review that rejected a filing by a pro se litigant that was legally viable could arguably present such a situation. But even then, Chapter 11 permits mandamus review, application to the Court of Appeals for mandamus review, to challenge a local administrative judge's decision. And recently in de Villiers against Texas, the Supreme Court unanimously found that the court, that federal courts should not break new ground in providing federal avenues to uphold federal constitutional rights when state procedures in the normal course provide a mechanism for doing that. In this instance, there are mechanisms in Texas's courts for affirming or reversing decisions by district court judges, whether as local administrative judges or as a district court judge. And that is appeal and mandamus review. That all of the constitutional challenges brought on appellate review have been found to be meritless does not mean that there are no state court procedures that provide a basis for challenging a vexatious litigant order. I also want to bring the court's attention to traceability, a sound argument for affirming the decision below. In Collins against Yellen, the Supreme Court stated that the relevant inquiry is whether the injury can be traced to the allegedly unlawful conduct of the defendant and not to the provision of law that is challenged. Here, the only traceability that plaintiffs could show is that the harm they claim they have suffered being subject to pre-file review is traced to the pre-file review order, the pre-file orders entered against them and not to anything that Judge Jackson has done. In other words, plaintiffs cannot have no sound argument for suing Judge Jackson. In fact, they concede that judges entering pre-file orders cannot be sued for exercising their discretion, but here they also concede that Judge Jackson as a local administrative judge exercises his discretion. I take that as a concession that they cannot sue him as local administrative judge. Additionally, the statute would continue to function with or without Ms. Lavoie's placing vexatious litigants on the list on OCA's website because there are other mechanisms for clerks and district court judges as local administrative judges to find out whether somebody has been so declared. Under subsection 1035, any litigant in any party can bring to the court's attention that somebody has been declared vexatious and subject to a pre-filing order. So even on redressability grounds, even with an injunction against Ms. Lavoie, plaintiff's injury would still not be solved. If the court has no further questions. We ask this court to affirm the decision below. Thank you. Thank you, Mr. Wilson. Mr. Iglesias. Thank you, Judge Smith and may it please the court. My name is David Iglesias and I represent Smith County District Clerk Penny Clarkston. The Texas vexatious litigant statute is designed to stop the hemorrhaging of public and private resources that necessarily results from a very small group of people who exercise abusive litigation tactics and the appellants in this case are a small sample of this, again, very small group of people to whom pre-filing orders have been applied. The district court did not err in dismissing the appellant's claims for at least three reasons. First, this court held in Ramming v. the United States that the appellants constantly bear the burden of proving that the district court has jurisdiction. Standing is an indispensable element of jurisdiction. In fact, under Federal Rule of Civil Procedure 12H3, a district court is absolutely required to dismiss a case if it finds that there is no standing and in order to establish standing, the appellants bore the burden of proving that, first of all, they were injured. Second of all, their injury was likely caused by Ms. Clarkston and third, that the injury would likely have been redressed if the district court had given the appellants the relief that they sought there. As an initial matter, no appellant was injured by Penny Clarkston. There's no allegation that Penny Clarkston ever was tendered any filing, much less any allegation that Penny Clarkston ever rejected any filing. And without this very crucial connection, that first element of standing must fail. But even assuming without conceding that the appellants did satisfy that first element of suffering an actual concrete injury, the appellants failed to carry their burden of showing that any such injury was fairly traceable to the actions of Penny Clarkston. Penny Clarkston does not enforce this statute. Penny Clarkston did not declare any litigants to be vexatious and she did not decide whether the appellants were permitted to file any pleadings. In fact, the appellants affirmatively stated on page 169 of the record that Ms. Clarkston did not, quote, engage in any unfair, malfeasant, or unconstitutional conduct. Finally, from a logical perspective, the district court was absolutely right when it held that appellants failed to carry their burden of showing that their injuries would have been had they received the relief that they requested against Ms. Clarkston. The appellants argue that the district court should have entered an order requiring Ms. Clarkston to accept any filings that they submitted to her. But even if the district court did this, and even if Ms. Clarkston accepted any filings that were tendered to her, the appellants still would not be able to pursue litigation as they wished. Ms. . . . the appellants would still be subject to pre-filing orders under 11.101 and any complaints or petitions that the appellants had tendered to Ms. Clarkston would still be dismissed under 11.1035B. So in short, the Supreme Court held in Whole Women's Health v. Jackson that an injunction against a state court or its machinery would be a violation of the whole scheme of our government. If the appellants have standing to sue Ms. Clarkston in this case, then when would they not have standing to sue a state district clerk? In light of the facts that the appellants have not shown, have not carried their burden of proving that they have standing to sue Ms. Clarkston, then there's no need for this court to reach the question of whether or not Chapter 11 of the Texas Civil Practice and Remedies Code is constitutional. To the extent that the constitutionality of this statute needs to be analyzed, it should be analyzed in a different case where the plaintiffs have actually carried their burden of proving that they have standing to sue and that the district court had jurisdiction to enter an order. But even if the appellants in this case had standing, Ms. Clarkston would still be entitled to sovereign immunity. As this court held in City of Austin v. Paxton, Article III standing analysis significantly overlaps with the Ex Parte Young analysis. And Whole Women's Health again holds that the Ex Parte Young exception does not normally permit federal courts to issue injunctions against state court clerks because they don't enforce state law. Because Ms. Clarkston did not enforce the state statute, she enjoys sovereign immunity from these claims. Finally, Your Honors, it's incumbent upon me to very briefly address the unfortunate attacks that were made on the district judge in this case. Unfortunately, these attacks are part of a broader pattern of the appellants attacking judges who rule against them. On pages 478 and 479 of the Record on Appeal, the appellants' counsel told the district judge that a magistrate judge in the Western District of Texas in which she had filed an identical suit was biased and intentionally misrepresented facts in an effort to discredit her personally. On page 417 of the Record, the appellants made the remarkable accusation in their Rule 59 motion that anyone who read that magistrate's report and recommendation would, quote, conclude that, as they expected, courts are biased and unjust. In the brief they filed with this court, the appellants accused the district judge of making false and misleading statements and being biased against them, and they double down in their Rule 28J letter on these accusations. Your Honors, even a cursory review of the Record on Appeal shows that the district judge was abundantly professional and fair and patient with all counsel in the trial court. There's absolutely no reason for this court to exercise the extraordinary and the rarely invoked step of removing the district judge from the case were this matter to be remanded back to the district court. So, in conclusion, Your Honors, the appellants failed to carry their burden, their constant burden of showing that they had standing to actually bring this action. Therefore, the district court did not err in granting Ms. Clarkston's motion to dismiss. Thank you very much. Thank you, Mr. Iglesias. Orabella, Ms. Serafine. I'd like to focus the court's attention on the complaint in this case. First, there is no mechanism at all for a person to get off of the vexatious litigant list in Texas. There is an entirely separate system in California on which the Texas statute was based. There's an application process every single year. Vexatious litigant in California can apply to get off the list, and some do. There is no such system like that in Texas. You can petition the permission judge to get permission for a single suit, but if that permission is denied, the only recourse is mandamus, according to the statute. The filing of mandamus in that case depends upon getting permission from the permission judge to file that. It is really a catch-22, highly doubtful that the permission judge is going to give permission for filing a mandamus in which he himself would be threatened with abusive discretion. Next, the plaintiffs in this case are severely chilled, and we are at a very early stage in the litigation. Although we have the burden of establishing statute at every stage, those stages change. At this moment, we need to establish standing only for the initial complaint. And you can see for each of the plaintiffs in the complaint, they have expectations of filing lawsuits in the future, especially Christine Rooley, but we don't know what has happened to those over time. There would need to be discovery and so forth. Next, First Amendment standing is subject to relaxed standards. This court most recently emphasized that in National Photographers Association, also, I believe, in Jackson v. Wright. There is a relaxed standard, and we are at a very early stage. Let me mention something about the district judge in this case and his reliance upon, apparently, a magistrate judge in another case. In both of those cases, our criticism was twofold. Number one, they did not abide by a long, long-standing American principle that we are a nation of laws, not men. And so, in both cases, and here we are concerned with the district judge, the district judge perseverated on appellant's counsel having been designated a vexatious litigant and falsely says also that appellant's counsel sued multiple people multiple times and sued judges multiple times. Nowhere in this record and nowhere in any record anywhere is that the case. I believe in our 28J letter, we provided the Texas Supreme Court's recent decision only on June 21st that the vexatious litigant designation of seraphine was entirely reversed. The Supreme Court said she did not meet the requirements for being designated a vexatious litigant. This is even assuming that it was relevant. Second principle violated by the district judge in this case, judges make rulings based upon the evidence that is in the record before them. That means that both sides have had a chance to bring forth other evidence or other arguments. That was not the case here. The district judge had nothing in the record whatsoever about Ms. Seraphine having been at that time designated a vexatious litigant. The evidence of bias is those two things. Nothing in the record before that judge. Secondly, we are a nation of laws not men and whatever reputational things the judge might want to bring up, the only relevant thing is whether appellant's counsel is a member of the bar and capable of representing the plaintiffs in question. I think that's all I have and I'm running out of time. Yes. Thank you and your case is under submission. Thank you. Last case for today, Hagood v. Morrison.